## CIRCUIT COURT OF HENRICO COUNTY

Shannon P. Francis et al.

v.

James P. McEntee et al.

September 22, 1988

Case Nos. 86L83, 86L84

By JUDGE JAMES E. KULP

This matter is before the court on the motion of Henrico Doctors' Hospital for rehearing of the Court's order of May 18, 1988, by which the Court granted plaintiffs' motion for leave to amend the notice of medical malpractice. On June 24, 1988, the Court granted the motion to rehear. After hearing argument and studying the memorandums submitted by the parties, the Court finds for the reasons to follow that it erred in granting plaintiffs' motion to amend the notice of medical malpractice.

Briefly stated, the facts pertinent to decision show that the acts giving rise to this action arose on May 11 and 12, 1982. Plaintiffs initially gave notice of claim for medical malpractice pursuant to § 8.01-581.2 of the Virginia Code on October 17, 1985. New notice of claim was sent to defendants on May 5, 1987. Neither the claimants nor the health care providers requested a medical malpractice review panel provided in § 8.01-581.3.

These suits were instituted on March 10, 1986. The parents' suit was consolidated with that of the infant and set for trial in November, 1987. Shortly before the scheduled trial, plaintiffs sought leave to amend in order to add an additional party defendant. Due to the inability of the new defendant to be prepared for the trial as sche-

duled, the court granted a continuance and rescheduled the trial to commence on June 6, 1988.

At a hearing on May 18, 1988, the plaintiffs sought leave to amend the notice of claim pursuant to Section 8.01-581.2:1. The court granted plaintiffs' motion and once again continued the trial. Henrico Doctors' Hospital promptly filed a motion to rehear which the Court granted at a hearing on June 24, 1988.

The authority of a court to grant leave to a claimant to amend the notice of claim is found in § 8.01-581.2:1. This section authorizes the trial court to grant leave to amend in two circumstances, i.e., to add (1) additional parties, or (2) causes of action. The amendment which plaintiffs desire is not to add additional parties, nor according to plaintiffs is the amendment to add additional causes of action.

Plaintiffs assert that § 8.01-581.2:1 does not limit amending notices to adding additional parties or causes of action, but that amendments are permissible "in furtherance of the ends of justice" and "to avoid prejudice, unnecessary delay, and duplication in the proceedings." While the statute contains the phrases set forth in quotation marks, the Court is of the opinion that plaintiffs have misconstrued the import of these phrases. The phrase "in the furtherance of the ends of justice" merely modifies the preceding phrase "may grant leave to amend the notice to add additional parties or cause of action," and does not create an independent basis for allowing an amendment to the notice.

Likewise, the quoted phrase "to avoid prejudice, unnecessary delay, and duplication in the proceedings" does not provide an additional ground upon which to authorize an amendment of the notice. This phrase is found in the sentence specifying what action the Court may take if leave to amend is granted.

Even if the Court were to accept plaintiffs' position, under the facts in this matter, the Court cannot find that an amendment of the notice of claim would further the ends of justice or avoid prejudice and unnecessary delay.

As previously indicated, the events from which this matter arose occurred in May, 1982. The health care providers were initially placed on notice of the medical malprac-

tice claim on October 17, 1985. To allow plaintiffs to amend the claim six years after the incident giving rise to the claim and almost three years after the initial notice cannot be said to further the ends of justice. The purpose of requiring written notice of claim is not only to place the health care provider on notice that a specific claim is being made, but also to allow the health care provider the opportunity to investigate the basis of the claim and to preserve evidence. To allow an amendment after such a lapse of time as presented here would be to perpetrate an injustice to the health care provider.

Furthermore, these cases have been pending since March, 1986, and continued on two occasions. Nothing could be clearer than that to allow an amendment to the notice at this time would only cause unnecessary delay.

Accordingly, the Court will not only grant the motion to rehear but will reverse its order of May 18, 1988, granting the plaintiffs leave to amend the notice of claim for medical malpractice.